NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE JAVIER PINEDA-ROJAS, | No. 17-71775 |
| Petitioner, | Agency No. A200-884-739 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2022**
Seattle, Washington

Before: CLIFTON and BUMATAY, Circuit Judges, and SEEBORG,*** District
Judge.

Jorge Pineda-Rojas petitions for review of a Board of Immigration Appeals

("BIA") decision denying his applications for asylum, withholding of removal, and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\***      The Honorable Richard Seeborg, Chief United States District Judge
for the Northern District of California, sitting by designation.

relief under the Convention Against Torture ("CAT").  We review denials of asylum, withholding of removal, and denials of CAT relief for substantial evidence.  *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018).  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition.

1.  Pineda-Rojas waived his challenge to the BIA's denial of asylum.  To be eligible for asylum, an asylum application must be filed within one year after the alien's arrival in the United States.  8 U.S.C. § 1158(a)(2)(B); *see also Al Ramahi v. Holder*, 725 F.3d 1133, 1134–35 (9th Cir. 2013).  The BIA affirmed the immigration judge's ("IJ") finding that Pineda-Rojas failed to file his asylum application within the one-year limitation period.  On appeal Pineda-Rojas does not contest this holding, thus dooming his challenge to the BIA's denial of asylum.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not raised in a party's opening brief are waived).

2.  The BIA's denial of withholding of removal is supported by substantial evidence.  To qualify for withholding of removal, an alien must show that he will be persecuted because of a protected ground.  8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b). The BIA found that Pineda-Rojas failed to demonstrate persecution based on a protected ground.  The sole evidence Pineda-Rojas points to is a 1988 shooting where gang members allegedly shot at him as part of a robbery.  But Pineda-Rojas fails to establish that any past or future violence is connected to a

2

protected ground.[1]  Indeed, when the IJ asked Pineda-Rojas, "So you're afraid of just the general violence in [your hometown], correct?" Pineda responded, "Yes." Such a generalized fear of violence fails to demonstrate persecution based on a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals . . . bears no nexus to a protected ground").  Substantial evidence thus supports the BIA's denial of withholding of removal.

3.  Substantial evidence also supports the BIA's denial of CAT relief.  The BIA concluded that Pineda-Rojas failed to establish that it was "more likely than not" that he would be tortured in Mexico.  *See* 8 C.F.R. § 1208.16(c)(2).  On appeal, Pineda-Rojas provides two sentences of argument saying he will be "targeted" in Mexico.  But nothing in Pineda-Rojas's testimony "compel[s] the conclusion that [he] would be *tortured* if returned." *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) (emphasis added).  Because Pineda-Rojas's evidence fails to compel a finding that it is "more likely than not" that he would be tortured in Mexico, substantial evidence supports the BIA's denial of CAT relief.

**DENIED.**

---

[1]  Before the BIA, Pineda-Rojas argued that "persecutors were seeking him out because of his immutable traits and characteristics."  The BIA properly found that this general statement was conclusory and unsupported by evidence.